IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD and BETTIE FISHER, )
)
Plaintiffs, )
)
v. )     Case No. 10-2547-KHV
)
HOUSEHOLD LIFE INSURANCE CO. )
and MORTGAGE ONE CORP. )
)
Defendants, )
)
_____)

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion to compel discovery responses. (Doc. 48). Specifically, plaintiffs seek complete responses to three interrogatories and six production requests. Plaintiffs also seek an order compelling defendants to produce (1) a Rule 30(b)(6) representative to testify concerning twenty-one topics and (2) Sherry Zelichowski for deposition.[1] Defendants oppose the motion, arguing that the discovery requests are overly broad and burdensome. For the reasons set forth below, plaintiffs'

---

[1] Neither side provides any explanation concerning Ms. Zelichowski's connection to this case. Apparently she is employed by Household Life and **may** provide some testimony concerning certain Rule 30(b)(6) topics. Aside from mentioning that Ms. Zelichowski's deposition will be addressed after the Rule 30(b)(6) controversy is resolved, the parties' briefs do not explain the discovery dispute concerning this witness. Under the circumstances, the motion to compel Ms. Zelichowski's deposition shall be summarily denied without prejudice.

motion to compel shall be GRANTED IN PART and DENIED IN PART.

## Background

This is an action to recover payments on a disability insurance policy sold to plaintiffs in connection with their home mortgage.  Highly summarized, plaintiffs allege that they refinanced their home with Mortgage One on May 23, 2006.  Mortgage One's representative, Barbara Oropeza, also sold a Household Life insurance policy to plaintiffs and represented that the insurer would pay their monthly mortgage payments if Mr. Fisher became disabled.

In December 2007, Mr. Fisher was diagnosed with an auto-immune disease. Household Life agreed that Mr. Fisher was disabled and began paying plaintiffs' mortgage payments.  After two years Household Life stopped making payments and plaintiffs filed this lawsuit, alleging breach of contract, negligence, malpractice, and fraud.  Household Life contends that it complied with the terms of the insurance contract and paid the twenty-four month "critical period" pursuant to the policy provision.

## Motion to compel

Before ruling on plaintiffs' individual discovery requests, the court addresses the parties' general arguments.  First, defendants argue that plaintiffs' motion should be summarily denied because their brief exceeds the 30-page limit imposed by D. Kan. Rule 7.1(c).  This argument is moot because the court previously granted plaintiffs' belated request

for leave to exceed the 30-page limit.  (Doc. 54).[2]

Second, defendants argue that they have produced 1,200 pages of documents and that plaintiffs' requests "amount to nothing more than the proverbial 'fishing expedition.'"(Doc. 50, p. 1).  The assertion that a party has produced a particular number of pages of documents is an empty argument unless supported by a detailed explanation of the parties' claims and defenses.  In this instance, defendants discuss plaintiffs' contract claim but scarcely comment about plaintiffs' fraud claims.  Allegations that defendants fraudulently induced plaintiffs to purchase disability insurance supports a broader scope of discovery than allegations of a garden-variety contract dispute.

Third, both parties argue about the significance of an earlier motion to compel plaintiffs' first set of interrogatories and production requests and a court order that the motion was moot.  (Doc. 40, filed October 31, 2011).  It is now painfully obvious that the issues which were presumably resolved have been now resurrected in the context of a Rule 30(b)(6) deposition notice.  Plaintiffs should have promptly notified the court that the discovery issues were ***not*** moot rather than issue new discovery requests containing the same unresolved discovery disputes.

Finally, with respect to plaintiffs' second set of interrogatories and production

---

[2]

Plaintiffs' reply brief contains the sarcastic comment that "plaintiffs certainly did not intend to put any 'unnecessary burden' upon the court and, to cure this objection, have filed a motion for leave" to exceed the page limit.  (Doc. 65, p. 3).  Plaintiffs' counsel then blames defendants for the length of plaintiffs' brief.  (Doc. 65, p. 3).  It is unprofessional to blame others for a lack of familiarity with the court's local rules.

requests, Mortgage One asserts that its original responses to plaintiffs' written discovery requests are "incorporated by reference." (Doc. 50, p. 21). It is not exactly clear what Mortgage One intended to accomplished with this statement. The court considers only those objections specifically argued in Mortgage One's response brief and rejects the suggestion that objections or arguments found only in exhibits are somehow preserved.

## Interrogatories and Production Requests

**Interrogatory No 14**

Interrogatory No. 14 asks Mortgage One to provide (1) the last known addresses of six named employees and (2) the names and last known addresses of any other persons employed at Mortgage One's Kansas City, Kansas, office "from 2004 until the office closed." Mortgage One provided the last known addresses of the six named individuals but objects to providing the names and addresses of the remaining employees, arguing that the request is overly broad and "should be limited to the half dozen employees that may actually have some knowledge of the facts in this case."

The parties' arguments concerning Interrogatory No. 14 highlight the superficial approach by counsel to discovery disputes in this case. Rather than engaging in professionally responsible discussions concerning the claims in the case and reasonable discovery, counsel for both sides assert lengthy, generalized arguments that contain little, if any, useful information or analysis. For example, Mortgage One argues that this interrogatory is a fishing expedition and that plaintiffs should limit their discovery to the half

dozen former employees "that may actually have some knowledge of the facts in this case." Notably absent from that argument is any explanation of (1) the number of employees that worked at the Kansas City, Kansas office during the requested time period and (2) the difficulty in producing the requested information.[3] Plaintiffs' conclusory argument that they are entitled to the names of *all* potential witnesses in an office similarly lacks important information.  For example, plaintiffs do not state that they have attempted to speak to the six known witnesses and that those efforts demonstrate that questioning "all other" employees would be helpful.

Based on the limited information provided by the parties, plaintiffs' motion to compel production of the names and addresses of *all* employees who worked at the Kansas City, Kansas office from 2004 until the date the office was closed shall be **DENIED.**  The parties have engaged in discovery for approximately one year, Ms. Oropeza has been deposed, and this is plaintiffs' second set of interrogatories.  Given the status of discovery, plaintiffs' interrogatory request for the names and addresses of  "all employees" should be much more focused.

---

[3]

The number of employees is a significant consideration.  For example, if only ten people were employed during the time period, any one of the ten might have knowledge of Ms. Oropeza's sales tactics.  Such information would be relevant to plaintiffs' allegations of fraud.  On the other hand, if hundreds of people were employed in the office, a listing of all employees would be of less benefit.  The court's crystal ball has been in storage long before this dispute was presented.

**Interrogatory No. 15**

Interrogatory No. 15 is an extension of Interrogatory No. 14 and requests the names and last known addresses of "***all*** persons, independent contractors, groups or persons ***involved in any loan*** making or closing at Mortgage One." (Emphasis added). The request to compel a response to this interrogatory is summarily **DENIED** because the interrogatory is overly broad and would require Mortgage One to identify everyone who ever requested a loan, closed on a loan, or processed a loan at ***any*** Mortgage One office.[4]

**Interrogatory No. 16**

Interrogatory No. 16 asks Mortgage One to "explain the business relationship between you and Integrated Real Estate Processing." Mortgage One objected and then stated that Integrated Real Estate Processing is a third party vendor that provided title, appraisal, and closing services to Mortgage One. Plaintiffs move to compel, arguing that they simply seek to know whether there is a contract between Mortgage One and Integrated Real Estate and/or a common ownership interest between the companies. Mortgage One opposes the motion, arguing that plaintiffs did not ask whether the two have common ownership or whether a contract exists.

The court is satisfied that the information sought in plaintiffs' motion to compel is

---

[4]

The names of the third party vendor and third party employee involved in the closing of plaintiffs' loan were provided to plaintiffs. Plaintiffs do not indicate that they have contacted the vendor or interviewed the third party employee involved in closing the loan.

covered by the language of Interrogatory No. 16.  Accordingly, plaintiffs' motion to compel Mortgage One to indicate whether the two companies have a common owner or a contract is **GRANTED.**

**Production Request No. 10**

Request No. 10 asks for production of the cancelled check issued to plaintiffs as a result of their May 23, 2006 Mortgage One loan.  Mortgage One objected that the request was vague and ambiguous and plaintiffs moved to compel.

Mortgage One now states "it will produce the cancelled check if it can locate the same." Plaintiffs, in turn,  ask that the court "enter an order consistent with defendants' [sic] agreement to produce this document."  Consistent with Mortgage One's most recent response, the motion to compel shall be **GRANTED.**  Mortgage One shall produce the canceled check within 10 days of the date of this order or file and serve a response stating that it has diligently searched for the check and that Mortgage One does not have possession, control, or custody of the canceled check.

**Production Request No. 11**

Production Request No. 11 seeks Ms. Oropeza's personnel file, including all compensation records that would show her salary, commissions, bonuses, prizes, trips, or other rewards and incentives.  Mortgage One opposes production, arguing that plaintiffs have not shown the relevance of Mr. Oropeza's personnel file.  The court strongly disagrees.  The

personnel file will show the nature of Ms. Oropeza's compensation and performance incentives and the request is reasonably calculated to lead to admissible evidence showing her motives for inducing plaintiffs to purchase disability insurance.[5] Ms. Oropeza's motives are relevant to her credibility concerning her version of events surrounding the "offer" of disability insurance.[6]

Mortgage One also argues, in a single sentence, that this request seeks "proprietary, commercially sensitive, or other confidential information related to Mortgage One's business, employees, accounts and customers."  The court is not persuaded that Mortgage One has properly requested nor supported what would be in effect a protective order concerning this request.  Accordingly, plaintiff's request to compel Production Request No.

---

[5]

In opposing plaintiffs' motion to compel, Mortgage One asserts that Ms. Oropeza "did not sell disability insurance but rather offered existing customers the opportunity to apply for credit disability insurance through Household Life" and that Ms. Oropeza did not receive commissions or bonuses from the sale of credit insurance.  Doc. 50, p. 24. Mortgage One's "assertion" raises a red flag concerning Ms. Oropeza's motive for "offering" an insurance product from a company for whom she did not work and, for this reason alone, the court will require production of her entire personnel file.

[6]

Apparently, plaintiffs' version of the events is materially different from Ms. Oropeza's version.

11 shall be **GRANTED.**[7]

**Production Request No. 12**

Production Request No. 12 asks Mortgage One to produce a worksheet mentioned in Ms. Oropeza's deposition testimony showing how she was compensated.  Mortgage One opposes the motion to compel this document, arguing that (1) tracking down this document is unduly burdensome, (2) the information is irrelevant, and (3) plaintiffs "surely will ask" defendants' deposition representatives how Ms. Oropeza was compensated.  Information concerning how Ms. Oropeza was compensated is relevant to the issues in this case and defendants have not carried their burden of showing that production would be unduly burdensome.  Mortgage One's suggestion that plaintiffs can ask other witnesses for this information is similarly not persuasive.  Accordingly, plaintiffs' motion to compel Production Request No. 12 is **GRANTED.**

---

[7]

Mortgage states in a footnote that should Ms. Oropeza's personnel file be ordered produced, "redaction of certain private and customer identifying information may be required under Graham Leach Bliley and other federal and state laws."  Doc. 50, p. 25, footnote 19.  The vague reference in a footnote to "Graham Leach Bliley and other federal and state laws" is inadequate and rejected.  Moreover, it is not at all obvious why customer identifying information would be contained in Oropeza's personnel file unless she was the subject of other customer complaints.  Accordingly, there shall be no redactions of any information contained in her personnel file.

**Production Request No. 13**

Production Request No. 13 seeks "all internal emails of Barbara Oropeza." Plaintiffs' request for *all* emails is overly broad and excessive; therefore, the request for *all* emails is **DENIED.**

**Production Request No. 14**

Request No. 14 seeks all training materials that were used to train any employee of Mortgage One regarding disability insurance. Although Mortgage One objected to this request as overly broad and unduly burdensome, it now agrees to produce training materials that it can "locate after a reasonable search." The proposal is acceptable to plaintiffs; therefore, the motion to compel is **GRANTED** and Mortgage One shall produce training material that can be located after a reasonable search.

**Production Request No. 15**

Request No. 15 asks Mortgage One to produce "what Barbara Oropeza would 'fill out' on behalf of customers when customers would apply for Mortgage One loans, including screens that would 'pop up' regarding disability insurance." Mortgage One opposes the motion, arguing plaintiffs have not shown the relevance of this information. The court is satisfied that the requested information is relevant and discoverable. Ms. Oropeza entered customer information into her computer in order to evaluate disability insurance needs but testified during her deposition that she could not remember what information was on the

screen.  Requests for the computer screens are reasonably calculated to reveal admissible evidence concerning the manner in which defendants solicited customers to purchase disability insurance.

Mortgage One also argues that it is logistically impossible to produce the "automated systems and electronic prompts in the form of paper documents."  The suggestion that computer screen displays cannot be reduced to a paper format is highly improbable; however, the court need not resolve this factual claim.  Regardless of whether the images can be printed on paper, plaintiffs are entitled to disclosure of the electronically stored information under Fed. R. Civ. P. 34.  Mortgage One's assertion that it does not have to produce electronically store information because the information cannot be printed on paper is legally frivolous.

Accordingly, plaintiffs' motion to compel Production Request No. 15 is **GRANTED** and Mortgage One shall produce the software and data on a computer for review by plaintiffs' counsel.  Production shall be on a computer supplied by Mortgage One and shall occur at a mutually agreeable time and date in the office of plaintiffs' counsel.

**Production Request No. 16**

Plaintiff corrected a typographical error in Production Request No. 16 and Mortgage One now agrees that it will produce documents related to any compensation Mortgage One may have received upon approval of the application for insurance.  Accordingly, the motion to compel shall be **GRANTED** and the documents, if they exist, shall be produced by **April**

**5, 2012.**.

### Rule 30(b)(6) Deposition Notice

Plaintiffs served Household Life with a Rule 30(b)(6) deposition notice and requested that Household produce a representative to testify concerning 21 topics in Overland Park, Kansas.  Household Life objected that Overland Park was not its principal place of business and that the location was contrary to established case law.  The parties indicate that they have reached some sort of resolution and this issue is moot; however, the court is unable to discern the specifics of their agreement and the parties provide no clarification.[8]  Because the parties indicate that the issue of location is moot, the court will not entertain any future motions concerning the location of the Rule 30(b)(6) deposition.

Household Life also asserts that the topics are overly broad and lack the "reasonable particularity" required by Rule 30(b)(6).  "For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." Hartford Fire Insurance Co. v. P & H Cattle Company, 2009 WL 2951120, *10 (D. Kan. Sept. 10, 2009).  An overly broad designation of topics may subject the noticed party to an

---

[8]

Plaintiffs' counsel states:  "as long as defendants are reasonable regarding the availability of and the number of witnesses should they produce more than one, plaintiffs' counsel has no problem in traveling."  (Doc. 49, p. 15).  Household Life does not state where its principal place of business is located and neither party mentions the "agreed" location for the Rule 30(b)(6) deposition.

impossible task.  Id.

Household Life argues that the topics are excessive given the needs of the case.  The court, on its own motion, may limit discovery if it determines (1) the discovery is unreasonably cumulative or duplicative or can be obtained from some other source that is less burdensome or expensive, (2) the party seeking discovery had ample opportunity to otherwise obtain the information by discovery, or (3) the burden and expense of discovery outweighs the likely benefit given the needs of the case.  Fed. R. Civ. P. 26(b)(2)(C).  With these guidelines in mind, the topics listed in plaintiffs' deposition notice are discussed in greater detail below.

**Topic 1**

Topic 1 asks Household Life to provide a representative to testify "how the decision was made for Mortgage One to sell Household Life disability insurance products to members of the public."  Household objects, arguing that the policies were not sold to the "general public" but rather to "existing customers."  (Doc. 50, p. 20).  Defense counsel should be professionally embarrassed for asserting such a frivolous objection.  There is no dispute that "members of the general public" who refinance their mortgage with Mortgage One were given a sales pitch concerning Household Life's insurance products.

Household Life also argues that it "cannot reasonably designate a witness to testify regarding a decision made by an affiliate entity."  (Doc. 50, p. 20).  This objection is similarly rejected.  Mortgage One and Household Life are affiliated companies and have a

common parent corporation.  Plaintiffs' motion to compel is **GRANTED** and Household Life

shall produce a corporate representative capable of testifying to all information known to

Household concerning the decision to sell disability products in Mortgage One offices.


**Topic 2**

Topic 2 seeks information concerning the contractual arrangement between Mortgage

One and Household Life to enable Mortgage One to carry Household Life's disability

insurance products, the individuals involved in that arrangement and the requirements of the

"arrangement."   Household objects, arguing that the request is cumulative, vague, and

irrelevant.  The requested information is relevant because it is reasonably calculated to lead

to evidence concerning Mortgage One's incentive to sell Household's insurance products.

Moreover, the request is not "vague."  Finally, although the request is similar to Topic 1, the

court is not persuaded that Topic 2 should be rejected as cumulative.  At a minimum, Topic

2 provides additional specificity concerning Topic 1.  Accordingly, plaintiffs' request to

compel Topic 2 is **GRANTED.**


**Topic 3**

Topic 3 seeks testimony concerning the circumstances and people involved in

"making disability insurance coverage decisions for Richard Fisher."  This information is

clearly relevant and plaintiffs' motion to compel a representative to testify about this topic

is **GRANTED.**

**Topic 4**

Topic 4 seeks the names and contact information for all persons in the underwriting department that had any involvement with Mr. Fisher's disability insurance claim. This topic is closely related to Topic 3 and **GRANTED.**[9]

**Topics 5 & 6**

Topic 5 seeks the number and nature of complaints made to Household Life concerning "critical period" language of its disability insurance policy. Topic 6 seeks the number and nature of lawsuits filed or threatened based on the "critical period" language of the disability insurance policy. Household objects, arguing that the requests are not limited in time or scope. Again, however, Household provides no specifics and gives no indication of how long it has offered disability insurance with the "critical period" language. The burden of production is materially different, depending on whether the language was used for 3 or 30 years. Because Household has not provided such information, its objection concerning the temporal scope is rejected.

Household also argues that plaintiffs' request is not limited to the type of complaint asserted in this case concerning the "critical period." The court agrees that the lawsuits and

---

[9]

Household Life objects that plaintiffs inappropriately ask for "all" names of persons involved in the decision. However, Household does not indicate how many people were involved and the court is left to speculate whether 2 or 200 people were involved in the decision. Because Household Life, the party with knowledge of the number of people involved, has not provided such information, its objection to a list of names and addresses is rejected.

complaints need to be of a similar nature to be admissible at trial, but plaintiffs will be able to discern the similarity when Household explains the nature of the complaints and lawsuits.[10]

Requests for the names and nature of similar complaints and lawsuits are relevant discovery, particularly in a case alleging fraud. Because Household provides no specifics to support its objections, the motion to compel Topics 5 and 6 shall be **GRANTED.**

**Topic 7**

Topic 7 seeks a Household representative to testify about **any competitor** that uses "critical period" language in its policy. This request is excessive and beyond the reasonable needs of this case; therefore, the motion to compel Topic 7 is **DENIED.**

**Topic 8**

Topic 8 seeks a representative to testify about "all forms of Household Life Insurance Company disability policies that currently use or have the 'critical period' language." The court concludes that this request is excessive and the burden exceeds the  benefit of such discovery given the needs and nature of this case. Plaintiffs' motion to compel Topic 8 is **DENIED.**

---

[10]

Household is not required to produce a representative with a detailed knowledge of each complaint or lawsuit. Rather, Household is only obligated to provide a witness capable of testifying concerning the (1) number of and (2) general nature of the complaints.

**Topic 9**

Topic 9 seeks testimony concerning the sales training which Household provided to Ms. Oropeza and any other Mortgage One employees regarding the sale of disability insurance. This information is relevant to plaintiffs' allegation of fraud and the motion to compel Topic 9 is **GRANTED.**

**Topic 10**

Topic 10 seeks the sales training manuals and procedures Household used to train Mortgage One employees to sell disability insurance. The request for "procedures" is a duplicate of Topic 9 and rejected as cumulative. With respect to the training manuals, the court will require production of the manuals but will not require a representative to testify about what the manuals say because such testimony would be duplicative and cumulative. Accordingly, plaintiffs' motion to compel Topic 10 is **GRANTED IN PART** and **DENIED IN PART.**

**Topics 11, 12 & 13**

Topic 11 seeks the names of "every person" in Household's actuarial department and "every consideration" that supported policy recommendations submitted to state departments of insurance concerning "critical period" language. Topic 12 seeks the names of every person on the Risk committee and each policy recommendation prior to the submission of "critical period" language to any state insurance department. Topic 13 seeks any and all

responses to any insurance commissioner or department of insurance regarding complaints concerning the "critical period" language.  The motion to compel Topics 11, 12, and 13 shall be **DENIED** because the topics are overly broad, vague, and excessive for the needs of this case.

**Topic 14**

Topic 14 seeks a representative to testify about "the number of other policies issued with a certificate of group disability insurance schedule, similar to the document produced by plaintiffs labeled Fisher 0247, that ***was or should have*** been given by Household Life or Mortgage One to the purchaser of disability insurance."  (Emphasis added).  The motion to compel a representative to testify about this topic is **DENIED** because the request is vague and the burden of producing such information exceeds the likely benefits of such information.

**Topic 15 and 18**

Topic 15 seeks deposition testimony containing the names and job descriptions of the person or persons who developed and drafted the Certificate, Notice, and Disclosure.  Topic 18 seeks deposition testimony concerning the drafts of the Certificate, Notice, Disclosure and Policy that were circulated to non-lawyers "in the formation of the 'critical period' language."  Plaintiffs argue that this information is relevant "to understand what was intended by human beings, rather than the departments, that drafted them."  The motion to

compel testimony concerning these two topics shall be **DENIED** because the burden of producing a representative to testify concerning these two topics exceeds the needs of this case.

**Topic 16**

Topic 16 seeks a representative to testify how Household's database of claims is sorted, logged, kept, searched and pre-coded.  Plaintiffs argue that this information is relevant to electronic discovery that they may pursue.  The request to compel a witness to testify about this topic shall be **DENIED.**  Discovery has been open for nearly a year and plaintiffs' recent request for threshold discovery concerning electronic databases is untimely.  As noted earlier in this opinion, discovery requests should be narrow and focused at this stage of the litigation.

**Topic 17**

This topic seeks a representative to testify concerning all correspondence between the defendants from January 2001 forward regarding disability insurance coverage.  The topic is overly broad; therefore, the motion to compel testimony concerning "all correspondence" shall be **DENIED.**

**Topic 19**

Topic 19 seeks testimony concerning *all* documents from *any* insurance

commissioner's office that "comment on or required change to the 'critical period' language in the disability policies of Household Life."  The request for "all documents" from any commissioner's office is overly broad and excessive given the needs of this case.[11] Accordingly, the request to compel testimony concerning Topic 19 shall be **DENIED.**


**Topic 20**

Topic 20 seeks testimony concerning the customer orientation video shown to plaintiffs at the Mortgage One office.  The court will order production of the video, if it exists.  However, the court will not require Household to produce a witness to testify about the video because the request is otherwise too vague.  Because it is unclear what questions the representative should be prepared to answer, the motion to compel a representative to testify about the video shall be **DENIED.**


**Topic 21**

Topic 21 seeks to compel a representative to testify concerning telephone calls between plaintiffs and Household Life that relate to Mr. Fisher's disability claim and/or mortgage payments "and procedures related to telephone interaction."  Topic 21 is a

---

[11]

The insurance was issued to plaintiffs who lived in Kansas during the relevant time in question.  Comments from an insurance commissioner's office in California or Alaska would have little relevance to this case.  If plaintiffs believe such information is critical to their case, they can spend their own resources to contact the various state insurance offices for the information.

compound request for testimony concerning (1) telephone calls and (2) telephone procedures. Household opposes the motion, arguing that the recorded telephone calls have been provided to plaintiffs and that the recordings should satisfy plaintiffs' discovery needs. Plaintiffs concede that the recordings have been produced but that Household should still provided testimony "about the procedures used by their employees in the telephone calls."

Plaintiffs request for "procedures" is too vague and therefore **DENIED.** It is unfair to require an opposing party to speculate what type of information concerning "procedures" is sought so that a Rule 30(b)(6) witness can reasonably prepare for the deposition.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to compel **(Doc. 48)** is **GRANTED IN PART** and **DENIED IN PART**, consistent with the rulings herein. The interrogatory answers and production requests shall be produced by **April 5, 2012.** The Rule 30(b)(6) deposition shall be completed by **April 23, 2012.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of March 2012.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge