# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RICHARD and BETTIE FISHER,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 10-2547-KHV |
| ) | |
| **HOUSEHOLD LIFE INSURANCE CO.** ) | |
| **and MORTGAGE ONE CORP.** ) | |
| ) | |
| **Defendants,** ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion to compel (Doc. 88) and Household Life Insurance Co.'s (Household) motion for a protective order (Doc. 93). The rulings are set forth below.

### Background

This is an action to recover payments on a disability insurance policy sold to plaintiffs in connection with their home mortgage. Highly summarized, plaintiffs allege that they refinanced their home with Mortgage One on May 23, 2006. Mortgage One's representative, Barbara Oropeza, also sold a Household Life insurance policy to plaintiffs and represented that the insurer would pay their monthly mortgage payments if Mr. Fisher became disabled.

In December 2007, Mr. Fisher was diagnosed with an auto-immune disease. Household Life agreed that Mr. Fisher was disabled and began paying plaintiffs' mortgage payments. After two years Household Life stopped making payments and plaintiffs filed this lawsuit alleging breach of contract, negligence, malpractice, and fraud. Household Life contends that it complied with the terms of the insurance contract and paid the twenty-four month "critical period" pursuant to the policy provision.

## Plaintiffs' Motion to Compel (Doc. 88)

Plaintiffs move to compel (1) the completion of Ms. Oropeza's deposition and (2) the production of computer screen information. The issues and arguments are discussed in greater detail below.

### Ms. Oropeza's Deposition Testimony

As noted above, Ms. Oropeza was employed by Mortgage One in 2006 and persuaded plaintiffs to purchase the insurance policy from Household Life. She is no longer employed by Mortgage One and plaintiffs subpoenaed her at her Olathe, Kansas residence for deposition. Ms. Oropeza was deposed on July 22, 2011 and, near the end of the deposition, was advised by plaintiffs' counsel that plaintiffs "reserved" their right to recall Ms. Oropeza for deposition after defendants produced some additional documents.

In August 2012 plaintiffs sent defense counsel a notice to take Ms. Oropeza's second deposition on September 11, 2012. Defense counsel advised plaintiffs that the date was

unworkable and also that plaintiff would need to subpoena Ms. Oropeza. No subpoena was issued and plaintiffs move to compel ***defendants or defense counsel*** to produce Ms. Oropeza for deposition. In the alternative, plaintiffs assert that ***defendants or defense counsel*** should be ordered to pay the cost of the new subpoena. Defendants oppose the motion, arguing that plaintiffs have not shown good cause for a second deposition and, in any event, a subpoena is necessary because neither defendants nor defense counsel have the authority to require Ms. Oropeza to appear for a second deposition.

Plaintiffs' motion to compel is not persuasive. Ms. Oropeza is ***not*** a party to this litigation and there is no evidence that defendants or defense counsel have any legal authority to require her appearance for a second deposition.[1] Equally important, plaintiffs have not shown that any recently produced documents justify a second deposition.[2] Accordingly, plaintiffs' motion to compel "Ms. Oropeza's deposition testimony" is **DENIED.**

**Computer Screen Evidence**

On March 21, 2012, the court ordered defendants to provide a computer that would show the "pop up" screens that Ms. Oropeza would see when she sold insurance to the

---

[1] Plaintiff argues that defense counsel represented Ms. Oropeza during the first deposition; therefore, defense counsel is obligated to produce his client for deposition. Plaintiffs cite no legal authority for imposing sanctions on ***counsel*** when a nonparty client declines to appear for deposition without a subpoena.

[2] Plaintiffs filed no reply brief and do not challenge any of defendants' arguments in opposition to the motion to compel.

plaintiffs. (Memorandum and Order, Doc. 60). Plaintiffs move to compel the information, arguing that the "screen shots" produced by defendants are not legible. In the alternative, plaintiffs ask that "a negative inference" instruction be given to the jury. Defendants oppose the motion, arguing that the computer system was discontinued in 2009 when the branch offices were closed and that they are unable to produce a computer running the program. However, Mortgage One located copies of the screen shots and provided the best available images. Defendants also produced a corporate representative who answered deposition questions concerning the program and the computer display.

Again, plaintiffs filed no reply brief and do not challenge any of defendants' arguments. Under the circumstances, plaintiffs' motion to compel the computer information is **DENIED** based on defendants' representation that the materials are unavailable. Plaintiffs' request for an "adverse inference" instruction is not sufficiently developed and is **DENIED WITHOUT PREJUDICE.** An "adverse inference" instruction request is an issue that may be revisited during the trial with a properly supported record concerning the existence, preservation, and destruction of the computer information.

### Household's Motion for a Protective Order (Doc. 93)

In November 2011, plaintiffs served Household with a Rule 30(b)(6) deposition notice containing 21 topics. Topic 3 asked Household to provide a representative able to testify concerning "the names of the individuals, timing, decision making, discussions, application, documents, procedures, investigations, and communications involved in making disability

insurance ***coverage decisions*** for the Fishers." (Emphasis added). Household produced a representative to testify concerning Topic 3 but it became apparent during the deposition that the parties had different views concerning the meaning of the phrase "insurance coverage issues." Household interpreted "coverage" as referring to underwriting matters and whether to accept Richard Fisher's application for "coverage." Plaintiffs intended Topic 3 to include testimony concerning issues related to the ***approval or denial of benefits***.

The parties debated the scope of Topic 3 and Household offered to produce another corporate representative at its principal place of business in Bridgewater, New Jersey to address "benefit" issues. Plaintiffs accepted the offer of another Rule 30(b)(6) representative to address benefit issues but insisted that Household produce the witness for deposition in Overland Park, Kansas. Plaintiff served an amended Rule 30(b)(6) deposition notice concerning "benefits" and designated Overland Park, Kansas as the location for the deposition. Household moves for a protective order, challenging both the location of the deposition and the need for a second Rule 30(b)(6) deposition.

The court is satisfied that a second deposition is appropriate based on the misunderstanding concerning the scope of Topic 3 in the original Rule 30(b)(6) topic. With respect to the location of the deposition, the general rule is that a Rule 30(b)(6) deposition is ordinarily taken at the corporation's principal place of business. Cooper v. Old Dominion Freight Line, Inc., No. 09-2441, 2011 WL 124567, *3, *6 (D. Kan. Jan. 14, 2011). Plaintiffs' arguments that the deposition should be taken in Kansas are not persuasive and the deposition shall be taken at Household's principal place of business in Bridgewater, New

Jersey. Accordingly, Household's motion for a protective order is GRANTED. Plaintiffs' counsel participated in the first deposition by video conference and may also conduct this second deposition by video conference. In the alternative, plaintiffs' counsel shall travel to New Jersey for the deposition.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 88)** is **DENIED** and Household's motion for a protective order **(Doc. 93)** is **GRANTED**, consistent with the rulings herein.

**IT IS FURTHER ORDERED** that plaintiffs' motion for an extension of deadlines **(Doc. 91)** remains under advisement and will be addressed after a phone conference with the parties. The date and time of the phone conference will be established in a subsequent order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 30th day of October 2012.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge