# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD FISHER and<br>BETTIE FISHER, ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION |
| v. ) ) | No. 10-2547-KHV |
| HOUSEHOLD LIFE INSURANCE CO., )<br>et al., )<br>Defendants. )<br>_____) | |

## MEMORANDUM AND ORDER

Richard Fisher and Bettie Fisher bring this diversity action against Household Life Insurance Co. and Mortgage One Corporation d/b/a Household Finance Company Mortgage Corporation ("HFC"). Plaintiffs sue Household Life for breach of contract (Count I), failure to pay without just cause or excuse under K.S.A. § 40-256 or V.A.M.S. § 375.420 (Count IV) and fraud (Counts V, VI and VII). Plaintiffs sue HFC for negligent procurement of insurance (Count II), insurance malpractice (Count III) and fraud (Counts VI and VII). On July 19, 2013, the Court sustained defendants' motion for summary judgment. See Memorandum And Order (Doc. #145). This matter comes before the Court on plaintiffs' Motion For Reconsideration (Doc. #148) filed August 16, 2013. For reasons set forth below, the Court finds that the motion should be overruled.

## Legal Standards

Grounds warranting a motion to reconsider under Rule 59(e), Fed, R. Civ. P., include (1) an intervening change in the controlling law, (2) new evidence previously unavailable and (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A court may grant a motion to reconsider where it has obviously

misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination. Sithon Maritime Co. v. Holiday Mansion, 177 F.R.D. 504, 505 (D. Kan. 1998). A losing party should not use a motion for reconsideration as a vehicle to rehash arguments previously considered and rejected. Carolina Indus. Prods., Inc. v. Learjet, Inc., 194 F.Supp.2d 1170, 1172 -1173 (D. Kan. 2002). Further, a party's failure to present the strongest case in the first instance does not entitle that party to a second chance in the form of a motion for reconsideration. The decision to grant or deny a motion for reconsideration is committed to the court's discretion. GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1386 (10th Cir. 1997).

## **Analysis**[1]

Plaintiffs ask the Court to reconsider its order on defendants' summary judgment motion. Plaintiffs do not argue the first ground for reconsideration – an intervening change in controlling law. As for the second basis, plaintiffs ask the Court to consider facts which it declined to consider in ruling on the motion for summary judgment because plaintiffs did not include them in their statement of facts. Memorandum In Support Of Motion or Reconsideration (Doc. #149) filed August 16, 2013, at 1-2; see Memorandum And Order (Doc. #144) at 1, n.1 (under D. Kan. Rule 56.1, court does not consider facts cited in argument section but not set out in statement of facts). Such facts are not "newly discovered," however; they all existed before the Court issued the summary judgment ruling on July 19, 2013. Because plaintiffs do not seek to introduce new evidence, they fail to meet the second basis for granting a motion to alter or amend the judgment.

---

[1] In ruling on the motion for summary judgment, the Court set out a detailed statement of relevant facts and legal analysis. See Memorandum And Order (Doc. #144). The Court incorporates those facts and analysis herein by reference.

Plaintiffs also cannot show that their motion should be granted under the third basis – to correct manifest errors of law or to prevent manifest injustice. To the extent plaintiffs argue that their failure to properly set out facts in their response to the motion for summary judgment is a basis for granting a Rule 59(e) motion, this failure was not a manifest error by the Court requiring alteration or amendment to the judgment.

As for manifest injustice, plaintiffs assert that the summary judgment ruling improperly relied upon language in the insurance Certificate, which plaintiffs assert they never received. In footnote eight, the Court noted that plaintiffs' motion in limine sought to prevent admission of the insurance Certificate. The Court found the issue immaterial, however, because the Disability Notice which plaintiffs signed expressly disclosed a "Critical Period" of 24 months. See Doc. #144 at 4-5, n.8. Although the Court's analysis refers to the Certificate language (because plaintiffs' argument relied in part on the Certificate language), the ruling rested on the language of the Disability Notice. See id. at 14, n.14. Defendants have failed to show any manifest injustice by virtue of the order on the summary judgment motion.

In sum, plaintiffs have not identified any new matter which was not available to them at the time they briefed the motion for summary judgment nor have they persuaded the Court that it was incorrect in granting defendants' motion. The Court has carefully reviewed its previous memorandum and order and reaffirms its conclusion that plaintiffs failed to present evidence sufficient to raise a question of material fact with respect to their claims and that defendants are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion For Reconsideration (Doc. #148) filed August 16, 2013 be and hereby is **OVERRULED.**

Dated this 7th day of April, 2014, at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge